UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHON HULLEY,

            Plaintiff,                      Case No. 1:25-cv-626

v.                                                      Hon. Robert J. Jonker

CARRINGTON MORTGAGE
SERVICES, LLC.,

            Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this *pro se* lawsuit in the St. Joseph County Circuit Court. Plaintiff identifies himself as "JOHNATHON HULLEY Ens Legis The United States" and lists his attorney as "Johnathon Hulley – Agent – Living Man", and "Sole Proprietorship (JOHNATHON HULLEY)". *See* Complaint (ECF No. 1-1). Defendant Carrington Mortgage Services, LLC removed this matter to federal court. *See* Notice of Removal (ECF No. 1). This matter is now before the Court on defendant's Motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5). Plaintiff did not oppose the motion.

        **I.**        **The complaint**

In his complaint, plaintiff alleged that defendant would not accept his "Negotiable Instrument" in payment of a debt (in his words):

> Promisary Note / Negotiable Instrument was sent on 3/10/2025. Recieved by Carrignton Mortgage Services LLC on 3/19/2025. After recieving my Payment they sent me a follow up letter Notice on 3/21/2025 telling me they are doing some research on any issues. So i called them by phone and talked the the head manager. I asked if i was being recorded and she said yes. I said great and ask how my Negotiable Instrument Payment was coming. The Manager chuckled and said we

> dont except Negotiable Instruments. I then asked her to Return my Negotiable Instrument and was Refused with a laugh.( Theft, Stealing).

*Id*. at PageID.7.

The balance of plaintiff's complaint is a laundry list of mostly federal criminal citations:

> 18 USC 8: Obligation or other security of the United States- Includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve Notes, Federal Reserve Bank Notes, Coupons, United State Notes, Treasury Notes, Gold Certificates, Silver Certificates, Bills, checks or Drafts.
>
> 18 USC 242- Breach of rights under color of law
>
> 18 USC 1342- Committing 18 USC 1341 while using a false or assumed name (Ens legis, all caps) $150,000
>
> USC 1348 - Fraudulently getting money from Transfer of an Instrument or Security. $250,000
>
> 18 USC 2314 - Transporting goods/money/securities that were acquired under false or Fraudulent pretenses, representations, or promises- $200,000
>
> [18] USC 1956 - Laundering Instruments while involved in unlawful activity, especially when those Instruments promote the unlawful further laundering of Instruments. $500,000
>
> 18 U.S. Code 661- Stealing Money or Instruments
>
> 18 USC 1581 - Peonage (Debt Slavery) - $500,000
>
> 18 USC 1584 - Involuntary Servitude - $500,000
>
> 18 U.S. Code 1593A - Benefitting financially from Peonage, Slavery.
>
> [42] USC 1994 - Peonage (Debt Slavery)
>
> [18] USC 1025 - lying, fraud, regarding any Instrument, promissory note etc. (Read Definition)

*Id*.

In a separate page, plaintiff talked about using his self-styled "Promisary Note / Negotiable Instrument" to pay off a debt (in his words):

> I am coming to you today with information on the lndorsement of Payment of the Promisary note that was sent to Carrington Mortage Services, LLC on 3/10/2025 and Recieved on 3/19/2025. I recieved a letter from Carrington telling me they need to do some research on the matter and would Respond to my Negotiable Instrument by April 30th 2025. On 4/19/2025 i called Carrington requesting an update on the Payoff of Debt frome the Negotiable Instrument i sent. I was Refused and given NO explanation, then requested my Negotiable Instrument be returned to myself with a detailed statement of why the Negotiable Instrument would not be excepted by LAW, which was also Refused. As of May 1st 2025 Carrington Mortgage Services has STOLEN my Signed lndorsed Negotiable Instrument Promisary Note which is theft.

PageID.8.  Plaintiff did not attach a copy of documents reflecting the debt owed to defendant or a copy of his "Negotiable Instrument".

## II.    Discussion

### A.    Legal standard

Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz*

3

*v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

### B. Plaintiff did not oppose the motion to dismiss

Plaintiff did not file a response to defendant's motion to dismiss.  This failure is fatal to his position, being both a forfeiture of his claim and a waiver of opposition to the relief sought in the motion.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim).  *See also, Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).  For this reason alone, defendant's motion to dismiss should be granted.

### C. The complaint is frivolous

First, defendant seeks to dismiss the complaint as frivolous because plaintiff is using sovereign citizen tactic of using his "Promisary Note / Negotiable Instrument" to pay off a debt.  *See* Defendant's Brief (ECF No. 5, PageID.28).  Typically, when a lawsuit arises from a plaintiff's alleged status as an entity created in the sovereign citizen legal universe or includes claims based on frivolous sovereign citizen legal theories, the undersigned recommends dismissal of the lawsuit for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P.  12(h)(3). "Federal courts

are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

This Court has no jurisdiction for a plaintiff's fictitious claims which are based on the fantasies of the sovereign citizen movement. *See Potter v. United States*, 161 Fed. Cl. 24, 29 (2022). In *El-Bey v. North Carolina Department of Public Safety*, No. 5:21-CV-00084-MR, 2023 WL 1073721 (W.D.N.C. Jan. 27, 2023), the court provided an overview of sovereign citizens:

> Sovereign Citizens is a loosely-affiliated group that believes that state and federal governments are illegitimate and therefore have no authority to regulate their behavior. *See United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). Adherents to the theory believe that they are "natural humans" (or sovereigns), and that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). A Sovereign Citizen may, for instance: rely on the U.C.C.; claim that the use of his name constitutes copyright/trademark infringement; claim that the U.S. Government is bankrupt and operates on a credit system that uses U.S. citizens as collateral; assert that he is proceeding in trust; assert that his status as sovereign citizens differs from fictional individuals identified by a birth certificate or social security number; or preface his name with "All Rights Reserved." *See, e.g., Wood v. United States*, 161 Fed. Cl. 30, 34 (2022); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Lebron v. BMW Fin. Servs.*, No. 6:21-cv-958, 2021 WL 9594003 (M.D. Fla. Dec. 13, 2021); *Presley v. Prodan*, No. 3:12-3511, 2013 WL 1342465 (D.S.C. Mar. 10, 2013) (collecting cases), report adopted, 2013 WL 1342539 (D.S.C. April 2, 2013).

*El-Bey* 2023 WL 1073721 at *4.  *See generally*, *United States v. Mitchell*, 405 F. Supp. 2d 602, 605 (D. Md. 2005) (observing that adherents to a theory of the "sovereign" citizen put forth legal arguments which are "generally incoherent" and "rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent").

Here, plaintiff's complaint bears the hallmarks of a sovereign citizen claim. Plaintiff refers to himself as "JOHNATHON HULLEY Ens Legis The United States".  The term "Ens legis" is defined as,

> A creature of the law; an artificial being as contrasted with a natural person. Applied to corporations, considered as deriving their existence entirely from the law.

*Black's Law Dictionary* at p. 476 (Fifth Ed. 1979). The use of the term "Ens legis" is rooted in sovereign citizen ideology.  *See Bachmeier v. Einerson*, No. 3:23-CV-00179-SLG, 2023 WL 6796213 at *2 (D. Alaska Oct. 13, 2023) (rejecting petitioner's "attempt to separate himself into two entities—a natural, living person and a corporation or 'ens legis' with the same name as Petitioner, but written in all capital letters") (footnote omitted).

Next, plaintiff's lawsuit is based upon his attempt to pay defendant with some type of self-styled "Promisary Note / Negotiable Instrument."  Plaintiff's complaint involves an application of the "vapor money" theory which "derives from the sovereign citizen movement." *Wilson v. Abound Credit Union*, No. 3:24-CV-446-BJB, 2024 WL 5089568 at *3 (W.D. Ky. Dec. 12, 2024) (internal quotation marks omitted).  "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010).  The vapor money theory "has been routinely rejected by the courts."  *Marvin v.*

*Capital One*, No. 1:15-cv-1310, 2016 WL 4548382  at *4-5 (Aug. 16, 2016), *R&R adopted*, 2016 WL 4541997 (W.D. Mich. Aug. 31, 2016).  As one court explained:

> [T]he "vapor money," "unlawful money" or "redemption" theories of debt . . . are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.' "

*Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015).

Plaintiff's alleged status and claims are rooted in the fantasies of sovereign citizen ideology.  The allegations set forth in his complaint are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion.  Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction.  *See Apple*, 183 F.3d at 479; *Potter*, 161 Fed. Cl. at 29.  In the alternative, defendant's motion to dismiss should be granted because plaintiff's complaint is frivolous.

### D. Failure to state a claim

In addition, plaintiff has failed to state a claim for relief.  As discussed, plaintiff's complaint involves an application of the "vapor money" theory, *i.e.*, when plaintiff attempted to pay off a debt to defendant using his "Promisary Note / Negotiable Instrument", defendants' "head manager" laughed at him and refused to return his document.  Plaintiff has provided no facts to address the debt he owed to defendant or the document he allegedly provided to pay the debt.  Having provided no facts to explain this unusual financial transaction, plaintiff cited the anti-peonage statute, 42 U.S.C. § 1994, which provides that:

> The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce,

>directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void.

"Peonage is a term descriptive of a condition which has existed in Spanish America . . . The essence of the thing is compulsory service in payment of a debt. A peon is one who is compelled to work for his creditor until his debt is paid." *Bailey v. State of Alabama*, 219 U.S. 219, 242 (1911). Here, plaintiff has not alleged facts to establish a claim of peonage as prohibited by 42 U.S.C. § 1994, *i.e.*, that defendant established, maintained or enforced "the voluntary or involuntary service or labor" of plaintiff as a peon "in liquidation of any debt or obligation."

Plaintiff also cited a laundry list of federal criminal statutes related to financial documents, peonage, fraud, money laundering and other offenses: 18 U.S.C. §8 ("Obligation or other security of the United States defined"); 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 661 ("Within special maritime and territorial jurisdiction"); 18 U.S.C. § 1342 ("Fictitious name or address"); 18 U.S.C. § 1348 ("Securities and commodities fraud"); 18 U.S.C. § 1581 ("Peonage; obstructing enforcement"); 18 U.S.C. § 1584 ("Sale into involuntary servitude"); 18 U.S.C. § 1593A ("Benefitting financially from peonage, slavery, and trafficking in persons"); 18 U.S.C. § 1025 ("False pretenses on high seas and other waters"); 18 U.S.C. § 1956 ("Laundering of monetary instruments"); and, 18 U.S.C. § 2314 ("Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting"). Plaintiff cannot simply list criminal statutes as the basis for a federal civil complaint. *See American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) ("the general rule is that a private right of action is not maintainable under a criminal statute.") (internal quotation marks omitted).

In summary, plaintiff has alleged no facts to support a claim against defendant. Plaintiff's complaint consists of nothing more than "labels and conclusions" and "unadorned, the - defendant - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678   Accordingly, defendant's motion to dismiss should be granted.

### III.    Recommendation

For all of these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction.  In the alternative, I recommend that defendant's motion to dismiss (ECF No. 5) be **GRANTED** and that this lawsuit be **DISMISSED**.

Dated: December 29, 2025                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).